IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS BRANDON,
       Plaintiff

vs.

SGT. NAZAROVICH, et al.,
       Defendants

Civil Action No. 02-343
Judge David Cercone/
Magistrate Judge
Lisa Pupo Lenihan

Re: Doc. No. 147

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Temporary Restraining Order and Preliminary Injunction be denied. It is also recommended that Plaintiff's request to conduct discovery in order to file his objections to the Report and Recommendation be denied.

### II. REPORT

**A.** **Relevant Procedural History**

Plaintiff, Curtis Brandon, an inmate presently incarcerated at the State Correctional Institution at Graterford, Pennsylvania (SCIP), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. His complaint was filed in February 2002. Named as Defendants are various present and/or former officers/employees of the Pennsylvania Department of Corrections

(DOC) including: Sergeant Nazorovich; Brian Knight; Kotomski; Magill: Abrams; Glabb; Karen Danner, R.N.; Melvin Lockett; Superintendent Phillip Johnson; Capt. Charles J. Simpson; Unnamed Female Guard; M.J. Matthews; Michael Ferson; Lt. Blakeley; Fred Polando, PA-C; Robert Bitner and Thomas L. James. In his Complaint, Plaintiff claimed that Defendants violated his rights as protected by the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution during his incarceration at the State Correctional Institution at Pittsburgh (SCIP).

On November 26, 2003, Magistrate Judge Sensenich filed a Report and Recommendation (doc. no. 77) that recommended the following: that the Motion for Judgment on the Pleadings filed by Defendants Nazorovich, Kotomski, Magill, Abrams, Glabb, Lockett, Johnson, Simpson, Matthews, Ferson, Danner, Blakley, Bitner, Semetkoskey, James and Knight (doc. no. 57) be granted as to Plaintiff's retaliation claims, his free speech claim relating to his discussion of the Wimbledon championships, his 4th Amendment claim, his 5th Amendment claim, his 9th Amendment claim, his Fourteenth Amendment procedural process claim for destruction of his non-legal property, his Fourteenth Amendment claim that Defendants failed properly to investigate and consider his grievances, his due process challenge to the disciplinary proceedings, and his due process claim that Defendants filed

false misconducts against him; that Plaintiff's access to court claim be dismissed pursuant to the Prison Litigation Reform Act; and Defendants' Motion for Judgment on the Pleadings be denied as to Plaintiff's Eighth Amendment excessive force claims, his medical treatment claims and his First Amendment free speech claim based on destruction of his address list. On March 4, 2004, District Judge David S. Cercone issued an order adopting the Recommendations and adopting the Report and Recommendation as the opinion of the Court (doc. no. 88).

In the meantime, on December 2, 2003, Defendant Polando filed a Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12 (b)(6), and/or for Summary Judgment (doc. no. 78). On December 23, 2003, an Order was issued directing that Polando's motion to dismiss be treated as a motion for summary judgment (doc. no. 81) Said motion was recommended to be granted by the undersigned in August 2004. Plaintiff then asked that the case be held in abeyance due to his health problems and did not file objections to the Report and Recommendation. That motion was granted by Judge Cercone on September 30, 2004. The reason for requesting the hold on the case were that Plaintiff needed to have back surgery.

As of November 2007 no back surgery had taken place and the undersigned determined that this case could, and should, move forward. On 11/13/07 it ordered Plaintiff fo file his objections

to the 8/17/04 Report and Recommendation no later than January 21, 2008 (doc. no. 142). Since that order Plaintiff has done nothing except file motions. He alleged that his legal materials had been taken from him and the Court held a phone conference on this issue on 1/17/08. At that time it was determined that Plaintiff's legal materials had indeed been taken as he had gotten himself placed in restrictive housing, where such material is prohibited. The Court granted Plaintiff an extension until March 8 to file his objections. Plaintiff then filed the within motion which alleges as follows.

He was released from restrictive housing on January 22, 2008 and his legal materials were returned to him. However, he alleges that one of the guards confiscated his self-medication packages and three pages of his medical records that were allegedly "court exhibits to this §1983 Civil Rights Action". (doc. no. 147, paragraph 7). Later, in his argument in support of his motion he asks that the Court order that he be allowed to keep 4 boxes of legal materials in his cell AFTER his objections are due on March 8.

Plaintiff further asks that he be allowed to conduct discovery in order to file his objections.

Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction. In addition, his request to conduct discovery should be denied.

B. **Applicable Legal Standards**

In determining whether an injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). More specifically with regards to the fourth prong, one seeking preliminary relief must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted).

Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a

clear and plain case." <u>Plain Dealer Publishing Co. v. Cleveland Type. Union # 53</u>, 520 F.2d 1220, 1230 (6th Cir. 1975), <u>cert. denied</u>, 428 U.S. 909 (1977). As a corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that "upon an application for a preliminary injunction to doubt is to deny." <u>Madison Square Garden Corp. v. Braddock</u>, 90 F.2d 924, 927 (3d Cir. 1937). <u>See</u> <u>also</u> <u>Spirol Int'l Corp. v. Vogelsang Corp.</u>, 652 F.Supp. 160, 161 (D.N.J. 1986).). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." <u>See Campbell Soup Co. v. ConAgra, Inc.</u>, 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." <u>United States v. Commonwealth of Pennsylvania</u>, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a "plaintiff must make a clear showing that irreparable harm will occur immediately. *See* <u>ECRI v. McGraw- Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir.1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of

*immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

C. **Discussion**

There is absolutely no connection between the alleged confiscation of Plaintiff's self-medication packets and his proceeding in this case. That matter is being handled as it should be, via the grievance procedure, and does not place Plaintiff in any immediate or grave danger. The same holds true for the missing 3 pages of medical records. Even assuming that this court has the authority to order the Department of Corrections to allow an inmate to keep 4 entire boxes of legal materials in his cell, which the court believes it does not[1], Plaintiff also fails to show the irreparable harm in this necessary to justify such extraordinary relief. Plaintiff does not state any specific acts that have violated his rights or that will cause him further harm. Plaintiff does not specify an "irreparable injury" and "mere injury, even if serious or

---

[1] This Court has been advised by the Department of Corrections in connection with other cases that there is a sound security reason for this restriction. That is that allowing inmates to keep large amounts of paper in their cells can cause various disruptions and dangers as inmates have used the papers to stop up toilets, causing overflows, and have also used the papers to start fires in their cells.

substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d at 110 (3d Cir. 1976). Plaintiff's bald and conclusory statements are insufficient. See, e.g., M & G Electronics Sales Corp. v. Sony, 250 F.Supp.2d 91, 105 (E.D.N.Y. 2003)(statement by plaintiff seeking TRO that it "will suffer immeasurable and irreparable injury" constituted a "conclusory statement [which] is insufficient to show irreparable harm."). Plaintiff simply has not "by a clear showing, carrie[d] the burden of persuasion." Mazurek v. Armstrong, 520 U.S. at 972 (emphasis deleted).

The Court would very much like to have this case proceed to conclusion, believes that Plaintiff has been given a sufficient extension to file his objections, essentially from August 2004 until March 8, 2008.

For the foregoing reasons, Plaintiff's motion for temporary restraining order and preliminary injunction should be denied.

In addition, there is no basis for allowing Plaintiff to conduct discovery to file his objections. It is well established that "parties may not raise new arguments or issues at the district stage that were not presented to the Magistrate Judge." Ward v. United States, 208 F.3d 216(Table), 2000 WL 282648, *1 (6th Cir. 2000). *See also,* Buehl v. Beard, 2007 WL 1830616 (W.D. Pa.). Defendant's motion was filed in 2003. Plaintiff's asking to do discovery now, after over three years, should be denied.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: February 20, 2008

cc: Counsel of Record
**CURTIS BRANDON**
DV-2954
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0244